PER CURIAM.
1, Granted. Defendant was convicted of a fourth offense possession of marijuana and adjudicated as a third felony offender based on two prior guilty pleas to possession of cocaine. The trial court granted defendant’s motion to impose a sentence less than the minimum sentence mandated by the Habitual Offender law and sentenced defendant to serve five years imprisonment at hard labor. The court of appeal granted the state’s application for supervisory writs because it found that “the trial judge failed to articulate sufficient reasons to justify why the [five-year] sentence it imposed ... was the maximum sentence that is not constitutionally excessive.” State v. Noble, 12-0186 (La.App. 4 Cir. 3/9/12) (unpub’d). The court of appeal remanded for the trial court to provide additional reasons.
On remand, the trial court offered the following justifications for the sentence imposed. First, the trial court adopted the reasons previously | ¡.enunciated at the time of sentencing, which included that defendant supports seven children, two of whom have significant medical problems, and that all of the defendant’s offenses have been non-violent. Next, the trial judge expressed concern about the sentencing ranges authorized by Louisiana law generally for possession of marijuana. The trial judge opined that possession of marijuana is a less serious crime than possession of other controlled dangerous substances such as cocaine. The trial judge noted that possession of small quantities of marijuana is punished more harshly under state than federal law and the trial judge expressed disbelief that possession of mar *501 ijuana, which is enhanced for repeated violations, should be further subject to enhancement under the Habitual Offender law. Finally, the trial court noted that defendant’s offenses were committed over several years and all involved the possession of small quantities of narcotics. The trial court thus maintained the sentence previously imposed. The court of appeal then denied the state’s application for supervisory writs because it found that the trial court on remand articulated sufficient reasons. State v. Noble, 12-0850 (La.App. 4 Cir. 7/26/12) (unpub’d).
The courts below erred. Defendant was properly adjudicated and sentenced as a third felony offender because the prior felony convictions alleged in the habitual offender bill filed by the state formed no part of defendant’s conviction for fourth offense possession of marijuana. See State v. Lewis, 12-1835 (La.11/30/12), 104 So.3d 407. The mandatory minimum sentence provided by the Habitual Offender law in this instance is 13 1/3 years imprisonment at hard labor without benefit of probation or suspension of sentence. The legislature has the sole authority under the Louisiana Constitution to define conduct as criminal and provide penalties for such 13conduct. La. Const, art. Ill, § 1. Given the legislature’s plenary authority, departures from mandatory minimum sentences by their nature must be exceedingly rare, and the class of exceptional offenders for whom presumptively-constitutional mandatory minimum terms of imprisonment are nevertheless excessive as applied to them, exceedingly narrow. State v. Johnson, 97-1906, p. 9 (La.3/4/98), 709 So.2d 672, 676-77.
In the present case, the district court noted that defendant supports several children, who would also be punished by incarcerating him, and that defendant’s criminal history consists of non-violent but repeated possession of small quantities of cocaine and marijuana. Neither factor individually or in combination defines a class of offender sufficiently narrow to qualify as exceptional. Furthermore, the district court expressed criticism for the sentences authorized for possession of marijuana in this jurisdiction generally, a criticism not limited to this particular defendant and these particular circumstances, and therefore also not a sufficiently narrowing and defining circumstance. Johnson, 97-1906 at 11, 709 So.2d at 678 (“The trial court stated that crimes of personal destruction did not warrant mandatory sentences [but] this policy decision is for the Legislature to make, not the judiciary.”). Defendant faces the enhanced sentencing ranges provided by Louisiana’s Habitual Offender Law to punish him not only for his most recent violation of this state’s controlled substances law, but also for his repeated felonious behavior over time, placing him in an unfortunately large class of offenders.
We therefore agree with the state that the district court erred in granting defendant’s motion to impose a sentence less than the minimum mandated by the Habitual Offender law. The sentence is vacated and the |4matter remanded for resentenc-ing to a term of imprisonment not less than the mandatory minimum term required by law, consistent with the principles enunciated in Johnson.
COURT OF APPEAL DECISION REVERSED; CASE REMANDED
JOHNSON, C.J., and KNOLL and HUGHES, JJ., dissent.