EDWIN A. LOMBARD, Judge.
[,The defendant, Bernard W. Noble, appeals his sentence, arguing that thirteen and one-third years in prison for possession of a small amount of marijuana is constitutionally excessive. After review of the record in light of the applicable law and arguments of the parties, the defendant’s sentence is affirmed.

Relevant Facts and Procedural History

In May 2011, the defendant was convicted of a fourth offense possession of marijuana, a violation of La.Rev.Stat. 40:966(E)(3), and then adjudicated as a third felony offender. Although the mandatory minimum sentence under the Habitual Offender Law for a third offense is thirteen and one-third years, in a downward departure from the sentencing guidelines, the trial judge (Judge Terry Alar-con) sentenced the appellant to serve five years. Pursuant to the State’s writ application, this court found that the trial judge failed to articulate sufficient reasons to justify for the downward departure and the matter was remanded to the trial court to amplify its reasons.
In April 2012, newly elected Judge Franz Zibilich adopted the reasoning of retired Judge Alarcon and again sentenced the defendant to a five year term of imprisonment. The State filed another writ application in this court, arguing that | ?the trial court had again failed to articulate sufficient reasons for the downward departure from the statutory minimum sentence as required by State v. Dorthey, 623 So.2d 1276 (1993). This court denied the State’s writ application, finding that the defendant “made a sufficient showing that the man *705 datory minimum sentence [applicable to him under Rev. Stat. 15:529.1] was constitutionally excessive.” State v. Noble, unpub., 2012-0850 (La.App. 4 Cir. 7/26/12). The Louisiana Supreme Court subsequently reversed that decision and vacated the five year sentence imposed by the trial court, stating:
In the present case, the district court noted that defendant supports several children, who would also be punished by incarcerating him, and that defendant’s criminal history consists of non-violent but repeated possession of small quantities of cocaine and marijuana. Neither factor individually or in combination defines a class of offender sufficiently narrow to qualify as exceptional.
State v. Noble, 2013-1928, p. 3 (La.4/19/13), 114 So.3d 500, 501. Accordingly, the matter was remanded the matter to the trial court for resentencing to the mandatory minimum sentence of thirteen and one-third years. Noble, 2013-1923, pp. 3-4, 114 So.3d at 501. Shortly thereafter, as mandated by the Louisiana Supreme Court, the trial court reluctantly sentenced the appellant to serve the mandatory minimum of thirteen and one-third years.
The defendant filed this timely appeal, arguing that this sentence for simple possession of a small amount of marijuana is in violation of the Louisiana Constitution, Article I, Section 20 which prohibits imposition of excessive punishment.

Applicable Law

A sentence is unconstitutionally excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the | ¡^purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).

Discussion

The defendant points out six mitigating factors which he believes should be given consideration in arriving at an appropriate sentence in his case:
1. He was convicted of possessing less than three grams of marijuana (two hand rolled marijuana cigarettes) and fully cooperated with the police when arrested.
2. His adjudication as a third felony offender is based on a 1991 possession of cocaine and a 2003 possession of cocaine.
3. The defendant is the father of seven children between the ages of four and eighteen who he supports financially (making regular child support payments in full and on time) and emotionally, maintaining regular contact with his children who live with their mother.
4. The defendant is a high school graduate, has a commercial driver’s license, and a business license he used to start two businesses, a janitorial service and a restaurant.
5. The defendant has an extensive work history, being gainfully employed for over twenty years as both skilled and unskilled labor for various employers including a city sanitation and sewerage department; a mail/package delivery company; a towing company; an airport shuttle bus company; and a company delivering medical services to nursing homes. In addition, he has worked as a cook, a janitor, and laborer.
6. The sentencing range for possession of marijuana third offense is zero to twenty years. See La.Rev.Stat. 40:966(E)(3).
Thus, the defendant asserts that his circumstances are exceptional, meeting the *706 criteria set forth in State v. Johnson, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676 and makes no measurable contribution to acceptable goals of punishment. In addition, the defendant points out that the only possible victim underlying this conviction is himself as the user of an illegal substance so that any harm suffered is by himself and his family. Finally, the defendant points out that his three drug possession convictions were approximately ten years apart (1991, 2002, 2009) and, | therefore, it is reasonable to conclude that a sentence of five years is sufficient to successfully deter future drug involvement.
Although both trial judges clearly found that the mandatory minimum sentence in this case (thirteen and a half years) is grossly disproportionate to the crime in this case (possession of two marijuana cigarettes), particularly when compared to other jurisdictions,[1] at the resen-tencing hearing the trial judge was unable to articulate additional reasons beyond those already found insufficient by the Louisiana Supreme Court to support a downward departure in this case. Accordingly, as mandated by the Louisiana Supreme Court, the trial judge sentenced the defendant to the statutory minimum sentence. Under these circumstances, we cannot find that the trial judge abused his discretion.

Conclusion

The defendant’s sentence is affirmed.
AFFIRMED.
TOBIAS, J., concurs.

. See Ryan S. King & Marc Mauer, The War on Marijuana: The Transformation of the War on Drugs in the 1990s, The Sentencing Project, 2 (2005), (according to the Bureau of Justice Statistics, in 2000 there were 734,000 arrests for possession of marijuana and approximately 41,000 convictions; of those convicted of a felony possession offense for marijuana, less than one third were sentenced to jail or prison; the average sentence for people convicted of a marijuana possession felony (including possession with intent to distribute) in state courts was 31 months and the median was 16 months).