TOBIAS, J.,
concurs.
|,I respectfully concur only because it is my understanding that this court is, and therefore I am, obligated to follow the 4-3 per curiam opinion of the Supreme Court in this case; State v. Noble, 12-1923 (La.4/19/13), 114 So.3d 500.[1]
Nevertheless, I do note that the Supreme Court has apparently and recently called into question the appropriateness of citing one of their per curiam opinions as precedent for a proposition of law. See State v. Tate, 12-2763, p. 4 n. 1 (La.11/5/13), 130 So.3d 829, 833 n. 1. This creates uncertainty for the courts of appeal, trial courts, lawyers, and others in trying to ascertain what is precisely the law of Louisiana. In the case at bar, certainly a reasonable argument can be made that how the Supreme Court ruled in Noble, supra, need not be strictly adhered to in light of Tate, supra.
If State v. Dorthey, 623 So.2d 1276 (La.1993) means anything, in this case it certainly was followed by Judge Alarcon before his retirement from the bench when *707 he found that Mr. Noble should only be sentenced to five years imprisonment for the possession of a minimal amount (less than three grams) of | {.marijuana instead of the statutory thirteen and one-third years.[2] A three-judge panel of this court,[3] three of the seven justices of the Supreme Court, and Judge Zibilich (the judge who replaced Judge Alarcon on the trial bench) have concluded that a downward departure is warranted from the mandatory sentence formulated by the legislature.[4] The majority herein accurately articulates many of the reasons why the lengthier sentence is out of proportion to the severity of the crime and imposes needless and purposeless pain on the defendant, aside from imposing upon the state the added cost of housing the defendant for potentially eight and one-third more years than it needs to.
The facts in this case are simple. The middle-aged defendant has no history of violence. He has an excellent work history and record of supporting his seven children. The trial judge reluctantly imposed the draconian (as it applies to this defendant and this offense) sentence mandated by the multiple offender statute. I point out (as did the trial judge at the resentenc-ing hearing) that the per curiam issued in this case by the Louisiana Supreme Court implicitly ignored or overruled its own precedent in Dorthey, supra, thus leaving this court and the trial court without guidance as to what, if anything, remains of the discretionary authority of the trial and intermediate appellate courts to determine whether a sentence is constitutionally excessive as to a particular defendant or whether such judicial authority is now totally subsumed by the state’s discretionary authority to multiple bill a defendant.
| sThis is not to say that I approve of the use or distribution of marijuana, but, like the majority notes, the crimes of which Mr. Noble has been convicted have been related to harm that he primarily and directly has caused to himself.
In my view, this is not the case that our courts should be using as the poster child for harsh sentencing.

. Parenthetically, I am reminded of La. Const, art. X, § 30, which states in pertinent part, "I, ..., do solemnly swear (or affirm) that I will support the constitution and laws of the United States and the constitution and laws of this state and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ..., according to the best of my ability and understanding, so help me God.” As I understand the oath, my first duty is to the constitution and laws of the United States and next to the constitution and laws of Louisiana.

. The state chose to exercise its discretion to multiple bill the defendant based upon two convictions from his youth, possession of cocaine in 1991 and 2003.

. State v. Noble, 12-0186, unpub (La.App. 4 Cir. 3/9/12).

.I thought that severe sentences were directed at violent offenders, not milquetoast offenders.