EDWIN A. LOMBARD, Judge.
hThe defendant, Corey J. Ladd, appeals his sentence, arguing that it is unconstitutionally excessive. After review of the record in light of the applicable law and argument of the parties, we vacate that portion of his sentence prohibiting parole and affirm the sentence as amended.

Relevant Facts and Procedural History

The defendant was arrested on August 25, 2011, pursuant to a traffic stop wherein it was discovered that he (a passenger) was in possession of a plastic baggie containing marijuana tucked into his waistband. On October 7, 2011, he was charged by bill of information with possession of marijuana, third or subsequent conviction, in violation of La.Rev.Stat. 40:966(E)(3). In addition, the State filed a multiple bill of information against him, charging him under La.Rev.Stat. 15:529.1 as a “Multiple Offender-Marijuana.” On May 29, 2013, a six-person jury found the defendant guilty of possession of marijuana third offense.
On September 4, 2013, he was sentenced to serve ten years at hard labor with the Louisiana Department of Corrections with credit for time served and assessed $45.00 to be paid to the Indigent Transcript Fund. This sentence was vacated after a multiple bill hearing wherein the defendant was found to be the same person who pleaded guilty to possession of Hydroco-done, a violation of LajRev.Stat.2 40:967(e), on June 21, 2004, in Case Number 04-1883 “F” and who pleaded guilty to possession of LSD, a violation of La.Rev.Stat. 40: 966(c), on April 20, 2006, in Case Number 05^4995 “F.” Based upon the finding that the defendant was a third felony offender, he was sentenced to serve twenty years with the Louisiana Department of Corrections without benefit of parole, probation, or suspension of sentence.

Error Patent

La.Rev.Stat. 40:966E (3) requires that upon a third or subsequent conviction the offender be sentenced to imprisonment with or without hard labor for not more *644 than twenty years. In turn, La.Rev.Stat. 15:529.1G provides that any sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence. Notably, neither provision requires that a person so convicted and adjudicated serve that sentence without benefit of parole. Accordingly, to the extent that the defendant’s sentence is without benefit of parole, it is illegal. Accordingly, we amend the sentence to delete that portion prohibiting parole.

Assignment of Error

The defendant contends that his sentence is unconstitutionally excessive because it makes no “measurable contribution to acceptable goals of punishment”. Specifically, he points out that he is a nonviolent drug user who stands convicted of possessing roughly a half ounce of marijuana who previously pleaded guilty (at age eighteen) to possession of LSD and (at age twenty-one) to possession of hydroco-done. He was twenty-five when arrested and is presently twenty-eight; under his current sentence he will be forty-five years of age when he is released from prison. Accordingly, he asserts that a twenty year sentence is unwarranted |3for possession of a minimal amount of marijuana by a defendant with no history of violence or of sexual offenses and should be found excessive. In addition, the defendant notes that the 2013 Louisiana Legislature recently considered lowering the penalty for third offense to a maximum of five years. House Bill Number 103 was approved by the Senate Judiciary Committee, which considered ending enhancement of marijuana charges, but the full Senate failed to approve the bill before the Legislature adjourned.

Applicable Law

A sentence is unconstitutionally excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983). Mandatory minimum sentences imposed on multiple offenders under the Habitual Offender Law are presumed to be constitutional, State v. Johnson, 97-1906, pp. 5-6 (La.App. 4 Cir. 3/4/98), 709 So.2d 672, 675, and defendant bears the burden of rebutting that presumption. State v. Short, 96-2780, p. 8 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, 27. To rebut the presumption that a mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Lindsey, 99-3302, p. 5 (La.10/17/00), 770 So.2d 339, 343.
|4In making this sentencing determination, the trial judge may consider a defendant’s record of non-violent offenses, but “it cannot be the only reason, or even the major reason, for declaring such a sentence excessive” because the “defendant’s history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses.” Id. Moreover, the Louisiana Supreme Court explicitly warned that “the sentencing court’s role is not to question the wisdom of the *645 Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana’s constitution.” Lindsay, supra.
Recently, in a case similar to the instant case, the defendant was convicted of a fourth offense possession of marijuana and adjudicated as a third felony offender based on two prior guilty pleas to possession of cocaine. Although the mandatory minimum under the Habitual Offender Law is thirteen and a half years, in a downward departure, the trial court sentenced him to a five year term of imprisonment. Pursuant to the State’s writ application, this court found that the trial court failed to articulate sufficient reasons to justify its downward departure and remanded the matter back to the trial court to amplify its reasons. State v. Noble, 2012-0186 (La.App. 4 Cir. 8/9/12) (un-pub’d). On remand, the trial court adopted the previously enunciated reasons, including the facts that the defendant supported seven children, two of whom have significant medical problems, and that all of his offenses had been non-violent. The trial court also expressed concern about the sentencing ranges authorized by Louisiana law generally for 15possession of marijuana, opining that possession of marijuana is a less serious crime than possession of other controlled dangerous substances such as cocaine. Noting that possession of small quantities of marijuana is punished more harshly under state than federal law, the trial judge expressed disbelief that possession of marijuana, which is enhanced for repeated violations, should be further subject to enhancement under the Habitual Offender law. Finally, the trial court noted that defendant’s offenses all involved the possession of small quantities of narcotics and were committed over several years.
This court, finding that the trial court on remand had articulated sufficient reasons, denied the State’s subsequent writ application. State v. Noble, 2012-0850 (La.App. 4 Cir. 7/26/12) (unpub’d). This decision was reversed by the Louisiana Supreme Court which found as follows:
The courts below erred. Defendant was properly adjudicated and sentenced as a third felony offender because the prior felony convictions alleged in the habitual offender bill filed by the state formed no part of defendant’s conviction for fourth offense possession of marijuana. See State v. Lewis, 12-1835 (La.11/30/12), 104 So.3d 407. The mandatory minimum sentence provided by the Habitual Offender law in this instance is 13 1/3 years imprisonment at hard labor without benefit of probation or suspension of sentence. The legislature has the sole authority under the Louisiana Constitution to define conduct as criminal and provide penalties for such conduct. La. Const, art. Ill, § 1. Given the legislature’s plenary authority, departures from mandatory minimum sentences by their nature must be exceedingly rare, and the class of exceptional offenders for whom presumptively-constitutional mandatory minimum terms of imprisonment are nevertheless excessive as applied to them, exceedingly narrow. State v. Johnson, 97-1906, p. 9 (La.3/4/98), 709 So.2d 672, 676-77.
In the present case, the district court noted that defendant supports several children, who would also be punished by incarcerating him, and that defendant’s criminal history consists of nonviolent but repeated possession of small quantities of cocaine and marijuana. Neither factor individually or in combination defines a class of offender suffi *646 ciently narrow to qualify as exceptional. Furthermore, the district court expressed criticism for the sentences | (¡authorized for possession of marijuana in this jurisdiction generally, a criticism not limited to this particular defendant and these particular circumstances, and therefore also not a sufficiently narrowing and defining circumstance. Johnson, 97-1906 at 11, 709 So.2d at 678 (“The trial court stated that crimes of personal destruction did not warrant mandatory sentences [but] this policy decision is for the Legislature to make, not the judiciary.”). Defendant faces the enhanced sentencing ranges provided by Louisiana’s Habitual Offender Law to punish him not only for his most recent violation of this state’s controlled substances law, but also for his repeated felonious behavior over time, placing him in an unfortunately large class of offenders.
We therefore agree with the state that the district court erred in granting defendant’s motion to impose a sentence less than the minimum mandated by the Habitual Offender law. The sentence is vacated and the matter remanded for resentencing to a term of imprisonment not less than the mandatory minimum term required by law, consistent with the principles enunciated in Johnson.
State v. Noble, 2012-1923, pp. 2-4, 114 So.3d 500, 501.
Accordingly, the matter was remanded back to the trial court for resentencing and, as mandated by the Louisiana Supreme Court, the trial court reluctantly sentenced the defendant to serve the mandatory minim thirteen and one-third years. On appeal this court, also as mandated by the Louisiana Supreme Court, affirmed that sentence. State v. Noble, 13-1109 (La.App. 4 Cir. 2/12/14), 133 So.3d 703.

Conclusion

Mandatory minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional and we cannot find, in light of Noble, supra, that the defendant rebutted that presumption and established the excep-tionality of his circumstances such that a downward departure may be considered. Therefore, the defendant’s sentence is affirmed.
AFFIRMED.