JAMES F. McKAY III, Chief Judge.
1 TThe defendant, Corey J. Ladd, appeals the trial court’s judgment re-sentencing him to serve seventeen years at hard labor without benefit of parole, probation or suspension of sentence contending that the sentence is unconstitutionally excessive and denying his motion to reconsider sentence. Finding that the trial court erred, we remand the matter to the trial court for further proceedings consistent with this opinion.
STATEMENT OF CASE
The facts surrounding the defendant’s conviction and initial sentence are detailed in State v. Ladd, 2013-1663, p. 2 (La.App. 4 Cir. 7/2/14), 146 So.3d 642, 643. As stated in that case, “The defendant was arrested on August 25, 2011, pursuant to a traffic stop wherein it was discovered that he (a passenger) was in possession of a plastic baggie containing marijuana tucked into his waistband.”
On October 7, 2011, pursuant to this arrest, the defendant was charged by bill of information with one count of possession of marijuana, third offense [La. ■ R.S. 40:966(E)(3) ]. On October 31, 2011, the defendant was arraigned and entered a plea of not guilty. On May 29, 2013, at the conclusion of a trial before a six person jury, the defendant was found guilty as charged. On August 21, 2013,. the defendant filed a motion for a downward departure from the statutory minimum sentence. On September 4, 2013, the defendant was sentenced to serve ten years in the custody of the Louisiana Department of Corrections.
On September 4, 2013, the State filed a multiple bill of information, pursuant to the Louisiana Habitual Offender Statute, La. R.S. 15:529.1, charging the defendant as a third felony offender, having previously been found guilty on | June 21, 2004, in the case # 04-1883 “F,” for a violation of La. R.S. 40:967(C), possession of hydroco-done (the defendant was eighteen years old) and on April 20, 2006, in case # OS-4995 “F,” for a violation of La. R.S. 40:966(C), possession of LSD (the defendant was tweñty-one years old when he pled guilty to this charge). On October 17, 2011, the defendant was charged via bill of *237 information with a third possession of marijuana charge, pursuant to La. R.S. 40:966(E)(3).
On September 4, 2012, a multiple bill hearing was held, wherein the defendant’s motion for a downward sentencing departure from the statutory minimum was denied. The defendant was found guilty of being a third felony offender and after vacating the defendant’s ten year sentence the trial court sentenced the defendant to serve twenty years at hard labor with the Louisiana Department of Corrections. The defendant’s conviction and sentence were affirmed by this Court in State v. Ladd. Id.
On March 27, 2015, in State v. Ladd, 2014-1611 (La.3/27/15), 164 So.3d 184, the Louisiana Supreme granted the defendant’s writ of certiorari and issued a per mriam, reversing and vacating the trial court’s sentence and remanding the matter to the trial court for resentencing in compliance with Louisiana Code of Criminal Procedure article 894.1(C). The Trial court was ordered to “state for the record the consideration taken into account and the factual basis therefor in imposing sentence.” Justice Knoll stated in her concurrence that “In view of the defendant’s nonviolent criminal record and the sentencing court’s imposition of twenty years without benefit of parole, probation, or suspension of sentence under the Habitual Offender Law, this sentence on its face seems very harsh. For these reasons, I am very interested in the sentencing court’s reasons for imposing this apparently. harsh sentence.” Justice Crichton concurred with Justice Knoll with | sadditional. reasons finding that “Without complying with the Louisiana Code of Criminal Procedure article 894.1(3)(a), or for that matter supplying any reasons, the trial judge sentenced the young defendant to serve twenty years hard labor under La. R.S. 40:966(E)(3) and La. R.S. 15:529.1(3)(a). I therefore, agree with the reversal and remand for resen-tencing in accordance with the law.”
On April 6, 2015, the trial court, on remand, imposed a sentence of seventeen years at hard labor without benefit of parole, probation-or suspension of sentence. The trial court essentially explained that its reasons for imposing the sentence was that the defendant was an unrepentant drug dealer and that he has a business enterprise where he engages in illegal activities in the City of New Orleans causing the City of New Orleans to be much more disruptive. The trial court also denied the defendant’s motion to reconsider sentence. Under his current seventeen-year sentence, the defendant will be forty-five years old when he is released from prison.
STANDARD OF REVIEW
Our standard for appellate review for a claim of excessive sentencing is outlined in State v. Batiste, 06-0875, pps.18-19 (La. App 4 Cir. 12/20/06), 947 So.2d 810, 820-821:
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Landry, supra; State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resen-tencing is unnecessary even when there has not |4been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing *238 court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as.well as the circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so. charged.” State v. Landry, 2003-1671 at p. 8, 871 So.2d at 1239. See also State v. Bonicard, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
ASSIGNMENTS OF ERROR
By his first assignment of error, the defendant contends that his sentence of seventeen-years without benefit of parole, probation or suspension of sentence is unconstitutionally excessive, represents the purposeless and needless imposition of pain and suffering and is grossly out of proportion to the severity of his crime. Pointing out the small amount of marijuana involved' and the relative harm done to society, he argues that the sentence shocks the sense of justice. Citing Louisiana House Bill 149, passed during the 2015 Legislative Regular Session,[1] the defendant asserts that, had he'been convicted of the same offense on or after Juné 29, 2015, he would have faced a sentence of a fine not more than $2,500 and/or imprisonment with or without hard labor for not more than two years. He further contends that the trial court relied upon inaccurate information in its stated reasons, finding that the defendant had a prior conviction for distribution of cocaine. The defendant complains that this aggravating factor cited by the trial court ‘ is incorrect; the defendant pled guilty to possession of cocaine and received a two-year sentence to run concurrent with the twenty year sentence for his third offense | ^marijuana conviction; his co-defendant, Shane Ketchins, received a sentence , of nine years for distribution, of cocaine. The defendant further asserts his prior, convictions involved only possession of miniscule amounts of controlled drugs, which, supported his addictions.-,. He points out that he has no violent or sexual offenses in his history. He argues that all these mitigating factors were ignored by the trial court.
Citing State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), the defendant argues that sentences which amount to purposeless imposition of pain and suffering and are grossly out of proportion to the severity of the crime are constitutionally excessive. In State v. Lobato, 603 So.2d 739, 751 (La.1992) the Court held that a sentence is disproportionate if, in. considering the offense and- the punishment inflicted, one’s sense of justice is shocked. In State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir. 1987), this Court held that .penalties provided by the. legislature reflect the degree to which the criminal conduct affronts society.
The defendant asserts that the imposition of a seventeen year sentence under the circumstances of this casé, which involves a non-violent,' non-sexual marijuana' possession offense, causes more harm than good for society, fueling Louisiana’s incarceration epidemic and creating undue economic burdens upon both inmates and taxpayers. The defendant also argues his sentence is excessive when compared to similar Louisiana cases. He' notes that in State v. Combs, 2002-1920 (La.App. 4 Cir. 5/21/03), 848 So.2d 672, this Court remanded for resentencing a life-sentence imposed *239 upon a defendant convicted of third offense cocaine possession whose prior felony convictions were possession of cocaine and forgery. He further cites State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, wherein this Court vacated the life sentence of a fourth felony offender after |ficoncluding that his sentence was excessive (he was convicted of distribution of one rock of cocaine, and, had two prior convictions). ' The defendant also cites a second offense possession of marijuana ease, State v. Daye, 2013-1456 (La.App. 3 Cir. 5/7/14), 139 So.3d 670 (defendant received a sentence of twenty years for a fifth felony, which was considered excessive by the Third Circuit but ultimately sustained in State v. Daye, 2014-1191, p. 1 (La.2/27/15), 162 So.3d 371), State v. Rice, 2001-0215, pp. 5-6 (La.App. 4 Cir. 1/16/02), 807 So.2d 350, 354 (sentence unconstitutional if it make no measurable contribution to the acceptable goals of punishment and imposes disproportionate pain and suffering), and State ex rel. Davis v. State, 2007-1037 (La.2/15/08), 976 So.2d 173.
The defendant argues that in the instant case, the sentence imposed is significantly greater than the mandatory minimum sentence called for by statute as to a first offense. He contends that, despite the State’s report to the trial court that nothing had changed from defendant’s initial sentencing, he presented evidence that he had actually participated in and completed many self-help rehabilitation courses offered by the Department of Corrections. The defendant further argues that his record has been repeatedly miseharaeterized by the State during sentencing hearings, with the trial court calling him an unrepentant repetitive drug 'dealer who carried on business that which made the City of New Orleans a more violent and dangerous place. The defendant points out that even the State admitted that each of. his prior convictions were for mere possession. Thus, he concludes, the record does not support the trial court’s mischaracteriza-tions.
The State asserts that the defendant’s sentence as a third-time felony .offender, which is below the. maximum for a first-time offender, is. not unconstitutionally excessive, The State contends- that any sentence imposed' should |7not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to ■ sentence within statutory limits, citing State v. Square, 433 So.2d 104 (La.1983), and State v. Bostick, 406 So.2d 150 (La.1981).
The State argues that the trial court is required to sentence the appellant to between a minimum of thirteen and one third years and a maximum of forty years.[2] The State further, argues that .the language of this section is mandatory. Acknowledging that Louisiana’s jurisprudence does permit deviations below the statutory minimum where such a sentence violates a defendant’s rights * or is clearly cruel and/or unusual, the State maintains that such cases are rarely presented, citing State v. Dorthey, supra.
The State contends, in the case at bar, that had the defendant been a first time offender, his current sentence is still less than the statutory minimum set forth in such circumstances. However, the State points out, this defendant is a third time offender, and yet the trial court sentenced him to a term of iihprisonment which' is only three and one half years greater than the absolute minimum set forth by statute. Under State v. Causey, 2010-1465 (La. App. 4 Cir. 6/15/11) 2011 WL 9165418, such sentences are presumed to be constitutional.
*240 The State further argues that the appellant has failed to meet his burden of demonstrating by clear and convincing evidence that he is exceptional such that he is a victim of the legislature’s failure to assign sentences meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case, such that the trial court is required to deviate from the sentencing standards set forth in La. R.S. 15:529.1. See State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676. Rather, according to the State, the defendant is exceptional only in that his prior convictions were for simple possession, noting that the trial court actually found him to be a “repetitive and unrepentant drug dealer” who was “not committing [his] crimes because he has an addiction,” but because he carried on a “business and an enterprise where he engaged in illegal activities in the City of New Orleans causing [disruption].” The State acknowledges that under State v. Dorthey, supra, á trial court may depart from a mandatory minimum sentence, but it argues that these cases are very rare, and the defendant has not shown that his is the exceptional case where the imposition of the mandatory minimum violates his constitutional right against excessive punishment.
DISCUSSION
Regarding the defendant’s first assignment of error, we must bear in mind that excessive sentence cases are governed by an abuse standard. See State v. Quezada, 2013-1318, p. 6 (La.App. 4 Cir. 5/21/14), 141 So.3d 906, 912. The defendant argues that the sentence of seventeen years at hard labor without benefit of parole, probation or suspension of sentence is excessive for possession of marijuana, third offense, and that the sentence of seventeen years at hard labor without benefit of parole is illegal because neither La. R.S. 40:966 E(3) nor La. R.S. 15:529.1 restricts a person convicted of possession of marijuana third offense from the benefit of parole.
Louisiana jurisprudence has long held that a sentence is excessive if it makes no measurable contribution to acceptable goals of punishment and thus is nothing more than the purposeless and needless imposition of pain and suffering, or is grossly disproportionate to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 2011-0414 (La.App. 4 Cir. 2/29/12), 85 So.3d 759. Nonetheless, a court may depart from a mandatory sentence under certain conditions, as set forth in Dorthey. In State v. Williams, 2005-0176 (La.App. 4 Cir. 5/3/06), 932 So.2d 693, this Court stated the relevant jurisprudence as follows:
In State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court held that in certain instances a sentence less than the minimum sentence mandated by the Habitual Offender Law might be permitted. Id. at 1280-81. The Supreme Court stated' that a punishment is constitutionally excessive if it does not make a measurable contribution to acceptable goals of punishment, if it does nothing more than purposelessly impose pain and suffering, and if it is grossly disproportionate to the severity of the crime being punished. Id.
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the Louisiana Supreme Court established the standard of review to be used in determining whether the trial court properly imposed under the Dorthey case a sentence less than the minimum sentence mandated by the Habitual Offender Law. 709 So.2d at 676. In Johnson the Supreme Court stated that the judiciary should give *241 the legislature’s determination of an appropriate minimum sentence great deference. Id. If, however, a court determines that a mandatory minimum sentence is excessive in a particular case, the court has the authority to impose a constitutional sentence instead of the minimum mandatory sentence. Id. This authority is granted under La. Const, art. 1, § 20 Id.
In determining whether the minimum mandatory sentence under the Habitual Offender Law is excessive, the sentencing judge must always start with the presumption that the minimum mandatory sentence is constitutional. Id. Only if. there is clear and convincing evidence in a particular case that rebuts the presumption of constitutionality may the court depart from the minimum sentence. Id. A trial judge is not permitted to rely solely upon the non-violent nature of the crimes for which a person has been convicted as evidence to justify the rebuttal of the constitutional presumption. Id. Although the non-violence of the offenses should not be discounted, this consideration has already been taken into account by the legislature in enacting the Habitual ImOffender Law. Id. A sentencing judge may consider a defendant’s Record of non-violent offenses in sentencing. the defendant under the Habitual Offender Law, but a record of nonviolent offenses cannot be the only, or even a major, reason for determining that the mandatory minimum sentence under the Habitual Offender Law is excessive. Id.
The Supreme Court in Johnson stated that the defendant has the burden of proof in rebutting the presumption that the mandatory minimum sentence under the Habitual Offender Law is constitutional. To meet that burden of proof the defendant is required. to clearly and convincingly show that “[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Id., citing, State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528 (Plotkin, J., concurring). The Supreme Court has emphasized to sentencing judges that “departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” Id. at 677 (emphasis added). See also State v. Lindsey, 99-3256, 99-3302 (La.10/17/00), 770 So.2d 339, 345.
State v. Williams, pp. 5-8, 932 So.2d at 697-698.
The Johnson Court detailed' the final component of the standard of review of a sentence imposed under Dorthey as follows:
Finally, if a sentencing judge finds clear and convincing evidence which justifies a downward departure from the minimum sentence under the Habitual Offender Law, he is not free to sentence a defendant to whatever sentence he feels is appropriate under the circumstances. Instead, the judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires a sentencing judge to articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution. Requiring a sentencing judge to re-sentence a defen *242 dant in this manner is in keeping with the judiciary’s responsibility to give as much deference as ^constitutionally possible to the Legislature’s determination of the appropriate minimum sentence for a habitual offender.
State v. Johnson, p. 8, 709 So.2d at 677.
Nonetheless, until very recently, the Supreme Court has been loath to uphold sentences that are less than the mandatory minimum provided by law. The most glaring example of this is State v. Noble, 2012-1923, p. 3 (La.4/19/13), 114 So.3d 500. Noble was convicted of possession of marijuana, fourth offense, and found to be a third felony offender. The trial court imposed a five year sentence, below the mandatory minimum sentence of thirteen and a half years.' The State applied for supervisory writ, and this Court vacated the sentence and remanded the case for resentencing, noting that the trial court had not set forth sufficient reasons, for deviating from the mandatory minimum sentence. On remand, the original judge had retired, but his successor re-imposed the same sentence,, giving a multitude of reasons for his choice to depart from the minimum sentence. This Court denied the State’s writ, finding that the defendant had made a sufficient showing that his case was exceptional and that the downward departure was justified.
The Supreme Court, in a per curiam opinion, reversed and vacated the sentence, finding that the reasons set forth by the defendant for the downward departure (his support of his seven minor children, two of whom had serious medical conditions, as well as his history of non-violent but repeated possession of small amounts of drugs), neither by themselves nor in concert, “defines a class of offender sufficiently narrow to qualify as exceptional.” State v. Noble, p. 3, 114 So.3d at 501. On remand once again, the trial court imposed the minimum thirteen-and-a-half-year sentence. The defendant appealed, and this Court reluctantly ■ affirmed the minimum sentence, noting that it was mandated by the |12Supreme Court. State v. Noble, 2013-1109 (La.App. 4 Cir. 2/12/14), 133 So.3d 703.[3] The Supreme Court denied writs. State v. Noble, 2014-0795 (La.11/14/14), 152 So.3d 878.
More recently, despite the ruling in Noble, the Supreme Court found á minimum thirty-year sentence as a fourth offender to be constitutionally excessive in State v. Mosby, 2014-2704 (La.11/20/15), 180 So.3d 1274. Ms. Mosby was convicted of distribution of heroin, was adjudicated a fourth offender,, and was sentenced to serve thirty years at hard labor. On appeal, she argued that her sentence was excessive because she'was a seventy-two-year-old handicapped woman who had helped care for her ninety-eight-year-old mother. She had attended high school, and business school and had maintained employment at South Central Bell for twenty years before retiring. She had several children and grandchildren.
Prior to the initial sentencing, the trial court ordered a presentence investigation (“PSI”). In her interview, the appellant denied selling any drugs, insisting instead that she had merely purchased drugs from the suspect who was giving her a ride home. .The PSI report contained her rap sheet, which included her convictions in 1995 for possession of cocaine and in 1998 for two separate charges of possession of cocaine and one charge of possession of *243 LSD. She also had a conviction in 2006 for. unauthorized entry of a business. In addition, at the time of sentencing she had a pending separate charge of possession with the intent, to distribute cocaine that had occurred days before the offense in that case. The PSI | iareport noted .that in addition to working for. South Central Bell, the appellant had owned and run a bar for several years.. She also had arrests for business-related offenses and an attempted murder arrest. Charges from these arrests were refused.
On appeal, this Court rejected her excessive sentence claim,. finding that the record did not show that her circumstances were so exceptional that a downward departure from the mandatory minimum sentence was indicated. State v. Mosby, 2014-0215 (La.App. 4 Cir. 11/26/14), 155 So.3d 99. The Supreme Court reversed! in a ‘per curiam, noting:
Imposition of a 30 year term of imprisonment on this non-violent offender who is 72 years of age and suffers' from severe infirmities is “grossly out of proportion to the severity3* of the offense, and it amounts to nothing more than the “purposeless imposition of pain and suffering” which renders "this sentence on this particular1 defendant unconstitutional. State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). Indeed, it .is unconscionable. We find that a departure from the sentence mandated by R.S. 15:529.1 is constitutionally required for the particular defendant.
State v. Mosby, 2014-2704, p. 1 (La.11/20/15), 180 So.3d 1274.
In the case subjudice, in its reasons, the trial court noted that first it had erred in failing to adequately articulate its basis for the sentence imposed. The trial court then stated that it had become familiar with the defendant over a- period of years, having presided over at least one of “multiple cases” involving him. The court recounted the defendant’s history of drug offenses and explained that, despite the small amount of marijuana found in his possession this time, the defendant’s record demonstrated to the trial court’s satisfaction that-he is “an unrepentant drug dealer” whose actions were unrelated to drug addiction. The trial- court stated that, given the sentencing range' of ■ thirteen and a- half years to forty years at hard labor, it would re-sentence the defendant as a third offendér to serve seventeen years at |14hard labor, with credit for time served and without benefits, pursuant'to La. R.S. 15:529.1.
While we do not address the" issue of whether or not the trial court adequately complied' with the Louisiana Supreme Court’s directives on remand, we note that the record is completely void of any evidence that the trial "court-either ordered a PSI or gave- the defendant an' opportunity to present any mitigating factors to substantiate his claim is an exceptional case in which a downward departure from the statutory minimum sentence is appropriate. Before resentencing the defendant on remand, the ’-trial court should have allowed the defendant to argue his basis for such a downward departure. Therefore, we remand 'the matter to the trial court to conduct just such an evidentiary hearing and for the trial court to reconsider the defendant’s sentence.
By his second assignment of error, the defendant : contends that his sentence of seventeen years without parole is illegal, when neither La. R.S. 40:966 E(3)[4] nor *244 La. R.S. 15:529.1 restrict a person convicted of possession of marijuana, third offense, from the benefit of parole.
Although this issue was not addressed by the State in its reply brief, the defendant is correct. Neither La. R.S. 40:966 E(3) nor La. R.S. 15:529.1 restricts a person convicted of possession of marijuana third offense from the benefit of parole. In light of the above, as well as this Court’s previous finding that the | ^restriction from parole was an error patent in State v. Ladd, 2013-1663, 146 So.3d 642, the defendant’s assignment has merit. Therefore, we direct the trial court, in resentencing the defendant upon remand, to include the defendant’s benefit of parole.
CONCLUSION
On remand from the Louisiana Supreme Court, no new evidence was offered by either the State or the defendant. Yet, the trial court resentenced the defendant to seventeen years at hard labor without the benefit of suspension of sentence, probation or parole. The trial court also denied the defendant’s re-urged motion for reconsideration seeking a downward departure from the minimum statutory sentence. On remand, the trial court did not provide written reasons for judgment. While written reasons for judgment are not mandated, in this case they may have provided more insight into the trial court’s reasoning. The record does not show that a PSI was ever ordered or reviewed. Without a PSI, the defendant’s mitigating circumstances will never be known. It is apparent that the trial judge looked only at the hard record before it, which leads to the all-important question as to whether this defendant/offender is an exceptional case. This standard or status is very difficult to ascertain given its subjective nature. Yet, we do have some objective criteria reflected in the record which include, the defendant’s youthfulness, the lack of violent crime convictions, the small amount of drugs in his predicate offenses, not the least of which is a third time marijuana possession. The trial courts failure to consider these factors or any other mitigating circumstances, was precisely what we believe was the concernment of Justices Knoll and Crichton in their respective concurrences.
hfiThe laws nationwide are changing, as is public perception. As mentioned above, this defendant would conceivably be in, his forties before he is released. Although the defendant’s seventeen year sentence is within the range of permissible sentences, on its face, the sheer harshness of the sentence shocks the conscience. We therefore find that further consideration of a downward departure from the mandatory minimum sentence is warranted. This result is clearly within the intent and spirit of Dorthey and subsequent jurisprudence.
Furthermore, we find that La. R.S. 15:529.1, dramatically limits judges’ ability to consider the human element and the life-time impact of harsh sentences on both defendants and their families not to mention the State’s economic interest. Sentences should be sufficient but not greater than necessary to meet the goals and ex *245 pectations of sentencing. Is it deterrence? Is it punitive? Far too much authority has been usurped from judges under the pretext of appearing “tough” on crime and allowing the habitual offender statute to become what now appears to be an archaic draconian measure. Our State, Louisiana, has some of the harshest sentencing statutes in these Unites States. Yet, this State also has one of the highest rates of incarceration, crime rate and recidivism. It would appear that the purpose of the habitual offender statutes to deter crime is not working and the State’s finances are being drained by the excessive incarcerations particularly those for non-violent crimes.
Based on the record before this Court, we are inclined to find that the defendant is “exceptional” and that he should be re-sentenced below the mandatory minimum sentence. However, without an evidentia-ry hearing to give the defendant an opportunity to present evidence supporting such' a downward departure, we are 117constrained to make that determination.[5] Based on the facts of this case and the record before us, we reverse the trial court’s denial of the defendant’s motion to reconsider a downward departure from the mandatory minimum sentence and remand the matter to the trial court. On remand, we instruct the trial court to conduct an evidentiary hearing allowing the defendant the opportunity to present mitigating evidence that he is exceptional in the spirit of the above jurisprudence and to resentence the defendant after properly considering whether a downward departure from the statutory minimum is warranted in light of the applicable jurisprudence discussed herein. The trial court is instructed to include the benefit of parole eligibility in the defendant’s resentence.
REVERSED AND REMANDED.

. House Bill 149 was signed by the Governor on 6/29/15.

. See La. R.S. 15:529.1(A)(3)(a) and La. R.S. 15:529.l(D)(c)(3),

. See the concurrence by J. Tobias, who pointed out that the Supreme Court’s per cu-riam ignored or overruled its ruling in Dor-they. J. Tobias concluded that Noble’s- case “is not the case that our courts should be using as the poster child for harsh sentencing.” Noble, 2013-1109, concurrence p, 3, 133 So.3d at 107.

. La. R.S 40:966 E(3) provides:
E. (1) Possession of marijuana, (a) Except as provided in Subsection F of this Section, on a conviction for violation of Subsection C of this Section with regard to marijuana, tet-rahydrocannabinol, or chemical derivatives *244 thereof, the offender shall be punished as follows:
(iii) Any person who has been convicted of a violation of the provisions of Item (i) or (ii) of this Subparagraph and who has not been convicted of any other violation of a statute or ordinance prohibiting the possession of marijuana for a period of two years from the date of completion of sentence, probation, parole, or suspension of sentence shall not be eligible to have the conviction used as a predicate conviction for enhancement purposes. The provisions of this Subpara-graph shall occur only once with respect to any person.

. We acknowledge that La.C.Cr. Pro. Art. 881.1(D) specifically states that a trial court may deny a defendant’s motion to reconsider sentence without a hearing, but in this instance we conclude a hearing is warranted.