**STATE OF LOUISIANA**       *      **NO. 2020-KA-0303**

**VERSUS**      *

**FRANCIS X ROSS JR.**      *      **COURT OF APPEAL**

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 512-141, SECTION "F"
Honorable Robin D. Pittman, Judge
**\* \* \* \* \* \***
**Judge Rosemary Ledet**
**\* \* \* \* \* \***
(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Rosemary Ledet)

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

     COUNSEL FOR DEFENDANT/APPELLANT

Leon Cannizzaro, District Attorney
Donna Andrieu, Assistant District Attorney
Michael Ambrosia, Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

           **AFFIRMED**
           **SEPTEMBER 23, 2020**

*RML*
*TFL*
*DLD*

Francis Ross appeals his 10-year habitual offender sentences. For the reasons that follow, we affirm.

## BACKGROUND

In 2013, Mr. Ross was convicted of possession of carisoprodol and possession of cocaine. The State filed an habitual offender bill of information, alleging that Mr. Ross was a fourth felony offender. After a hearing, the district court found Mr. Ross to be a fourth felony offender and sentenced him on each count to 30 years imprisonment at hard labor without the benefit of probation or suspension of sentence, both sentences to run concurrently. Mr. Ross appealed, and this court reversed his convictions and sentences and remanded for retrial. *State v. Ross*, 13-0500 (La. App. 4 Cir. 3/26/14), 137 So.3d 759 ("*Ross I*").

On remand from *Ross I*, Mr. Ross was again convicted on both counts. The State again filed an habitual offender bill of information, alleging that Mr. Ross was a fourth felony offender; and the district court again found Mr. Ross to be a fourth felony offender. Mr. Ross filed a motion for a downward departure from the statutorily mandated minimum sentence. The district court conducted an evidentiary hearing, during which two of Mr. Ross' sisters testified about his

1

difficult childhood.[1] The district court denied Mr. Ross' motion for a downward departure but sentenced him to 20—rather than 30—years imprisonment at hard labor without the benefit of probation or suspension of sentence, both sentences to run concurrently.

Mr. Ross appealed; and this court affirmed his convictions, vacated his sentences as constitutionally excessive, and remanded for resentencing. *State v. Ross*, 15-1113 (La. App. 4 Cir. 12/21/16), 207 So.3d 511 ("*Ross II*"). In remanding, this court instructed the district court to conduct an additional evidentiary hearing and to order a presentencing investigation ("PSI"). *Ross II*, 15-1113, pp 21-22, 207 So.3d at 523-24.

On remand, the district court conducted an additional evidentiary hearing. At the hearing, two additional witnesses testified that, if Mr. Ross was released, they would be in a position to provide him with employment and a place to live. The district court also ordered and received a PSI report. Ultimately, the district court sentenced Mr. Ross on each count to 10 years imprisonment at hard labor without the benefit of probation or suspension of sentence, both sentences to run concurrently. Mr. Ross filed a motion to reconsider sentence, which the district court denied. This appeal followed.

## DISCUSSION

---

[1] Mr. Ross' sisters testified that Mr. Ross had a difficult childhood; that both his parents had drug and alcohol addiction issues; that, growing up, the children were shuffled to different households, depending on which family member could care for them at the time; that Mr. Ross grew up in extreme poverty and suffered repeated physical abuse at the hands of one of his uncles; and that Mr. Ross witnessed his stepfather kill a family member.

Mr. Ross contends that, like his previous 20-year sentence, his current 10-year sentence is excessive.[2] In finding Mr. Ross' previous 20-year sentence excessive, this court focused on the following four considerations: (1) that Mr. Ross has never served a previous sentence of incarceration; (2) that Mr. Ross' criminal history is non-violent; (3) that one of Mr. Ross' predicate felony convictions is for second-offense possession of marijuana, which the Legislature has reclassified as a misdemeanor; and (4) that Mr. Ross had a difficult and traumatic childhood. *Ross II¸* 15-1113, pp. 16-20, 207 So.3d at 521-23. Finding that these considerations warranted a downward departure from the statutorily mandated minimum sentence, this court nonetheless cautioned the district court as follows:

> We are mindful that a judge "is not free to sentence the defendant to whatever sentence [s]he feels is appropriate under the circumstances" but rather the trial judge must impose "the longest sentence that is not constitutionally excessive." *Johnson*, 97-1906, p. 8, 709 So.2d at 677. The trial judge must also keep in mind that the sentences imposed upon Mr. Ross must be meaningfully tailored to his culpability and the circumstances of his case, and must fairly and justly serve society's penological goals.

*Ross II*, 15-1113, p. 22, 207 So.3d at 523-24. The penological goals to which this court referred in *Ross II* are incapacitation, deterrence, retribution, and rehabilitation. *See State v. Strother*, 09-2357 (La. 10/22/10), 49 So.3d 372, 382 (citing *Ewing v. California*, 538 U.S. 11, 25, 123 S.Ct. 1179, 1187, 155 L.Ed.2d 108 (2003), for the proposition that "[a] sentence can have a variety of justifications, such as incapacitation, deterrence, retribution, or rehabilitation").

---

[2] Because Mr. Ross' sentences were imposed concurrently and because the only issue before us is whether the concurrent term of those sentences is excessive, for ease of discussion we refer to the sentences as one sentence.

Before considering whether Mr. Ross' 10-year sentence is excessive, we emphasize that Mr. Ross was not sentenced in this case merely for possessing carisoprodol and cocaine; he was sentenced for possessing those substances as a fourth felony offender. Thus, whether the sentence imposed on Mr. Ross serves the penological goals referred to in *Ross II* must be considered not only with regard to Mr. Ross' conduct in this case but also with regard to his recidivist status. *See State v. Noble*, 12-1923, p. 3 (La. 4/19/13), 114 So.3d 500, 501 (observing that "[d]efendant faces the enhanced sentencing ranges provided by Louisiana's Habitual Offender Law to punish him not only for his most recent violation of this state's controlled substances law, but also for his repeated felonious behavior over time").[3] Considered in this way, we find that Mr. Ross' 10-year sentence serves three of the above-stated penological goals.

---

[3] This court has repeatedly expressed concern for the harsh effects the Louisiana Supreme Court's decision in *Noble* produces. *See, e.g. State v. Ladd*, 15-0772 (La. App. 4 Cir. 4/13/16), 192 So.3d 235. In *Ladd*, this court expressed its concern as follows:

> The laws nationwide are changing, as is public perception. . . . [Nonetheless,] La. R.S. 15:529.1 dramatically limits judges' ability to consider the human element and the life-time impact of harsh sentences on both defendants and their families not to mention the State's economic interest. Sentences should be sufficient but not greater than necessary to meet the goals and expectations of sentencing. Is it deterrence? Is it punitive? Far too much authority has been usurped from judges under the pretext of appearing "tough" on crime and allowing the habitual offender statute to become what now appears to be an archaic draconian measure. Our State, Louisiana, has some of the harshest sentencing statutes in these United States. Yet, this State also has one of the highest rates of incarceration, crime rate and recidivism. It would appear that the purpose of the habitual offender statutes to deter crime is not working and the State's finances are being drained by the excessive incarcerations particularly those for non-violent crimes.

*Ladd*, 15-0772, p. 16, 192 So.3d at 244-45. Nonetheless, the Louisiana Supreme Court has not retreated from its decision in *Noble*; and we acknowledge its continued controlling status. *But cf. State v. Mosby*, 14-2704, p. 1 (La. 11/20/15), 180 So.3d 1274, 1274 (*per curiam*) (finding not only that "[i]mposition of a 30 year term of imprisonment on [a] non-violent offender who is 72 years of age and suffers from severe infirmities [was] 'grossly out of proportion to the severity' of the offense,'" amounted to "nothing more than the 'purposeful imposition of pain and suffering,'" and was, thus, unconstitutional but also that such a sentence was "[i]ndeed . . . unconscionable").

First, the sentence will incapacitate Mr. Ross; while incarcerated, he will not have access to the substances he has been convicted of possessing—both in this case and in the past.[4] Second, the sentence will rehabilitate Mr. Ross; while incarcerated, Mr. Ross will have been denied access to the substances he has been convicted of possessing and will have the opportunity and resources to break the cycle of addiction that he claims has driven his criminal conduct.[5] Third, the sentence will deter Mr. Ross from recidivating; although Mr. Ross' previous probated sentences may have given him the impression that his criminal conduct would not have serious consequences, the sentence in this case will demonstrate to him the seriousness of the consequences he may face should he reoffend.

Finally, another consideration militates against a lesser sentence. Although, during the resentencing hearing, Mr. Ross professed that he accepts responsibility for his conduct, only a few months before, Mr. Ross stated to the PSI interviewer that the officers who arrested him in this case "did not find drugs on his person" and expressed his belief that they were "out to get him." Additionally, during the resentencing hearing, Mr. Ross suggested that his recidivist conduct was, at least in part, due to the failure of previous sentencing courts to order him to undergo treatment for his addiction as a condition of his probation. Thus, the record supports the district court's determination that Mr. Ross' further incarceration was warranted.[6]

---

[4] Mr. Ross' convictions are exclusively for possession of controlled dangerous substances, primarily cocaine.

[5] Indeed, during the resentencing hearing, Mr. Ross addressed the district court and made comments indicating that he has already availed himself of such opportunity and resources.

[6] Indeed, in ruling on Mr. Ross' motion to reconsider sentence, the district court opined that "the State could argue that [the 10-year sentence is] not even a legal sentence" and that "if anything, [the district court] could reconsider the sentence and make it higher."

In light of these considerations, the district court did not err in determining that a 10-year sentence—a departure of 10 years below the statutorily mandated minimum sentence—was the longest sentence that is not constitutionally excessive in this case.

## **DECREE**

For the foregoing reasons, we affirm Mr. Ross' sentences.

**AFFIRMED**