STATE OF LOUISIANA

VERSUS

KEVIN JOHNSON

NO. 22-KH-300

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 18,669, DIVISION "D"
HONORABLE M. LAUREN LEMMON, JUDGE PRESIDING

August 09, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Cornelius E. Regan, Pro Tempore

**ENHANCED SENTENCE VACATED; REMANDED FOR**
**RESENTENCING**

    **SJW**
    **JGG**
    **CER**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STATE OF LOUISIANA
    Jeffrey M. Landry
    J. Taylor Gray
    Marko Marjanovic

COUNSEL FOR DEFENDANT/RESPONDENT,
KEVIN JOHNSON
    Prentice L. White

**WINDHORST, J.**

Appellant, the State of Louisiana, seeks review of the trial court's deviation in sentencing appellee/defendant, Kevin Johnson, to sixteen years imprisonment at hard labor under State v. Dorthey, 623 So.2d 1276 (1993), despite the mandatory minimum sentence for a fourth-felony offender being twenty years imprisonment. For the following reasons, we deny defendant's motion to dismiss, grant the State's writ application, vacate defendant's enhanced sentence and remand for resentencing.

**PROCEDURAL ISSUE**

Defendant filed a motion to dismiss, arguing that the State's writ application should be dismissed because the trial court granted his "Motion to Appeal Verdict and Sentence." The State filed an opposition asserting that at the time this writ application was filed, no appeal was lodged with this court and the State properly sought supervisory review of defendant's sentence.

Defendant's appeal was lodged with this court on August 16, 2022. Defendant's appellate brief, filed on September 22, 2022, only sought review of his conviction, not his sentence. Pursuant to La. C.Cr.P. art. 881.2, the State may appeal *or* seek review of a sentence if the sentence imposed was not in conformity with the applicable enhancement provisions under the Habitual Offender Law, La. R.S. 15:529.1. Consequently, we find no grounds to dismiss the State's properly filed writ application. Accordingly, defendant's motion is denied and this court's designation of this writ application and the appeal as companion cases is maintained.[1]

**PROCEDURAL HISTORY and FACTS**

On January 15, 2019, the St. Charles Parish District Attorney's Office filed a bill of information charging defendant, Kevin Johnson, with distribution of

---

[1] On August 16, 2022, pursuant to this court's May 2021 *en banc* policy, these cases were designated as companion cases.

methamphetamine, in violation of La. R.S. 40:967 A(1). On November 10, 2021, a six-person jury unanimously found defendant guilty as charged.[2]

On February 16, 2022, the State filed a habitual offender bill of information, alleging defendant to be a fourth-felony offender pursuant to La. R.S. 15:529.1. Defendant pled not guilty.

On May 2, 2022, an evidentiary hearing on the habitual offender bill of information was conducted. At the conclusion of the hearing, the trial court adjudicated defendant as a fourth-felony offender and sentenced defendant to sixteen years imprisonment at hard labor without the benefit of probation[3] or suspension of sentence under Dorthey.[4] In imposing defendant's sentence, the trial court stated its reasons in pertinent part:

> So 15:529.1A(4) says that if a fourth or subsequent felony is such that -- 4(a) says, with the fourth felony, the person shall be sentenced to imprisonment for a term not less than the longest prescribed for a first conviction but in no event less than 20 years and not more than his natural life.
>
> And then if you go in the same statute to the (i), if the court finds that a sentence imposed under the provisions of this section would be constitutionally excessive pursuant to the criteria set forth in State v. Dorothy [sic], then the Court shall state for the record the reasons for such finding and shall impose a most severe sentence that is not constitutionally excessive.
>
> And the defense has argued that it is excessive especially taken [sic] into consideration his age, now 61. He was 60 at the time of the conviction. I will also note that he did not plead guilty. He went to trial in this case.
>
> He has a military history, availed himself of the programs in jail; has been a lifelong addict; has family support; and cooperated with law enforcement.

---

[2] For the reasons stated more fully in the companion case, State v. Johnson, 22-383 (La. App. 5 Cir. 08/09/23), this court affirmed defendant's conviction for distribution of methamphetamine.

[3] The sentencing minute entry reflects that defendant's sentence was to be served without the benefit of probation, parole, or suspension of sentence. However, the sentencing transcript reflects that the trial court ordered the enhanced sentence to be served without benefit of probation or suspension of sentence as required by La. R.S. 40:967 and La. R.S. 15:529.1 G. Because we are vacating defendant's enhanced sentence and remanding for resentencing, this issue is moot.

[4] The trial court imposed only the enhanced habitual offender sentence on May 2, 2022. La. R.S. 15:529.1 D(3) requires that a trial court vacate defendant's previous sentence only "if already imposed" before sentencing him as a habitual offender. State v. Turner, 09-1079 (La. App. 5 Cir. 07/27/10), 47 So.3d 455, 460 n.8; State v. Bell, 00-1084 (La. App. 5 Cir. 02/28/01), 781 So.2d 843, 845, writ denied, 01-776 (La. 04/26/02), 813 So.2d 1098. Here, sentence on the underlying offense was not already imposed.

I agree that [defendant] has a lifelong addiction.

I also agree with Ms. Tappen [*sic*][5] who has so much courage, first of all, to decide to become clean. That in itself takes courage against this monster disease, not because she is in jail, as a free person, and also decided to take the stand and risk her life for doing this. I have to take that into consideration. I admire Ms. Tappen [*sic*] for her progress and I've seen her around for a very long time.

Considering everything, include State v. Dorothy [*sic*], at this time, I'm going to -- including the consideration of David Wedge, and [defendant] outing that to law enforcement, and considering the maximum sentence of then ten years and the $50,000 fine for this conviction.

With the totality of the circumstances, I'm going to sentence [defendant] to 16 years at hard labor without the benefit of probation or suspension sentence.

The trial court further stated "And based on State v. Dorothy [*sic*], because of his cooperation with Kadrina Tappen [*sic*] and his age, I came down from four years from the 20 to 16. It's still a lot more than what David Wedge is doing for threatening to kill somebody. That was a -- I don't need to go there."

The State noticed its intent to seek supervisory review of defendant's enhanced sentence and this writ application followed.

**LAW and LEGAL ANALYSIS**

On appeal, the State raises three assignments of error: (1) the trial court erred by deviating from the mandatory minimum for a fourth-felony offender and sentencing defendant to sixteen years imprisonment; (2) the trial court erred by failing to articulate how the mandatory minimum sentence for a fourth-felony offender violates defendant's constitutional rights; and (3) the trial court erred by failing to articulate how the sixteen-year sentence it imposed is the longest that would not be constitutionally excessive.

---

[5] The documents and evidence in the record indicate that the Kadrina's last name is spelled Tappan, not Tappen as indicated in only the May 2, 2022 transcript. For consistency purposes, we use "Tappan" as the correct spelling.

The State argues that the evidence established that defendant has a lengthy criminal history and is not an appropriate candidate for a downward departure under Dorthey, *supra*. Despite being charged as a fourth-felony offender, the State asserts that defendant was an eighth-felony offender with both drug and victim crimes. The State contends that while the trial court relied on other mitigating factors to justify a downward departure from the mandatory minimum sentence of twenty years, the trial court ignored defendant's lengthy criminal history and "his clear status as a recidivist," which the Legislature specifically enacted the Habitual Offender Law to address. The State maintains that nothing in this case or in defendant's history accounts for "unusual circumstances" that would justify the mandatory minimum sentence being unconstitutionally excessive. Thus, the State avers that defendant does not present one of the "rare" situations contemplated as grounds for deviation of the mandatory minimum sentence under the Habitual Offender Law.

Additionally, the State contends that the trial court (1) did not articulate how the mandatory minimum sentence of twenty years for a fourth-felony offender violates defendant's rights by being excessive under the circumstances; (2) did not note the presumption of constitutionality of the fourth-felony offender sentence; and (3) did not determine that defendant had rebutted the presumption of constitutionality. The State asserts that the trial court "appeared to treat the matter as a simple balancing test, weighing mitigating factors against aggravating factors," which was inappropriate. In this case, defendant was required to prove by clear and convincing evidence that the mandatory minimum sentence would result in a sentence that is constitutionally excessive, which the State asserts no such showing was made. Moreover, the State contends that the trial court did not articulate specific reasons why the sentence imposed is the longest sentence which is not excessive under the Louisiana Constitution. Accordingly, the State avers that the trial court

abused its discretion in granting defendant's request for a downward departure from the mandatory minimum under Dorthey, *supra*.

In opposition, defendant contends that the trial court did not abuse its discretion in considering the "unique" mitigating factors that were discussed during the habitual offender hearing. Defendant asserts that at time of his conviction, he was 60 years old, a drug addict, and his criminal record illustrates his inability to overcome his addiction. Defendant contends that the law enforcement officers testified that he was cordial and cooperative with them as they gathered information for the pre-sentencing report, that he did not have any crimes of violence, and that he did not engage in any egregious behavior that warranted a sentence at the high end of the sentencing range. Defendant states that the testimony and evidence also showed that he (a) participated in several programs while incarcerated; (b) he is a native of the St. Charles Parish area; (c) he has family members willing to provide him with a place to live; (d) he was honorably discharged from the United States Army; and (e) he notified law enforcement that a fellow inmate threatened Ms. Tappan's life. Additionally, defendant asserts that Ms. Tappan testified that he informed officers about the threat on her life.

Defendant contends that the trial court articulated each of the above factors it considered in determining that the twenty-year mandatory minimum sentence was "too severe for this defendant." Defendant avers that the trial court was impressed with Ms. Tappan, who was able to become "clean and sober" after a life of drug addiction. Defendant contends that the trial court also mentioned his cooperation with law enforcement in informing them about the threat to Ms. Tappan's life, noting that his sentence of sixteen years was "more than the sentence imposed on this vengeful inmate, who was convicted of distribution of illegal drugs as well as obstruction of justice." Defendant contends that the trial court also heard how the State did not file a habitual offender bill of information against the individual that

threatened Ms. Tappan's life. Accordingly, defendant avers that this court should deny the State's writ application, finding that the trial court's articulated reasons for deviation from the mandatory minimum sentence for a fourth-felony offender met the requirements of Dorthey, *supra*, and State v. Johnson, 97-1906 (La. 03/04/98), 709 So.2d 672.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574 (La. 01/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334 (La. App. 5 Cir. 09/28/04), 885 So.2d 618, 622.

A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7, 16. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. at 16-17; State v. Dorsey, 07-67 (La. App. 5 Cir. 05/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id.

Pursuant to its sole authority under the Louisiana Constitution Article 3, §1, the Legislature enacted the Habitual Offender Law to define conduct as criminal and

to provide penalties for such conduct. <u>State v. Lindsey</u>, 99-3302 (La. 10/17/00), 770 So.2d 339, 342, <u>cert. denied</u>, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001). The supreme court has repeatedly held that the habitual offender statute is constitutional. <u>Id.</u> Consequently, the mandatory minimum sentences the statute imposes upon habitual offenders are presumed to be constitutional and should be accorded great deference by the judiciary. <u>Id.</u> Nevertheless, courts have the power to declare a sentence excessive under the Louisiana Constitution Article 1, §20 even though it falls within the statutory limits provided by the Legislature. <u>Id.</u>; <u>Johnson</u>, 709 So.2d at 676. However, the trial court should exercise its authority to declare a mandatory minimum sentence excessive only under rare circumstances. <u>Lindsey</u>, 770 So.2d at 345.

In <u>Dorthey</u>, the Louisiana Supreme Court recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. <u>Dorthey</u>, 623 So.2d at 1280-1281. The trial court may reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment" or is nothing more than "the purposeful imposition of pain and suffering" and "is grossly out of proportion to the severity of the crime." <u>Id.</u>

In <u>Johnson</u>, the Louisiana Supreme Court re-examined <u>Dorthey</u> and outlined the criteria a defendant must meet in order to show that a mandatory minimum sentence under the Habitual Offender Law is constitutionally excessive. <u>Johnson</u>, 709 So.2d at 676. A trial court may only depart from the mandatory minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. <u>Id.</u>

In determining whether the defendant has met his burden, the trial court may not rely solely upon the non-violent nature of the present crime or of past crimes as

evidence which justifies rebutting the presumption of constitutionality. Id. Although the classification of defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taking into account under the Habitual Offender Law for third and fourth offenders. Id.; La. R.S. 15:529.1. The Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Id. Consequently, while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring a sentence excessive. Id.

The trial court must also keep in mind the goals of the Habitual Offender Law, which are to deter and punish recidivism. Id. at 677. It is not the role of the trial court to question the wisdom of the Legislature in requiring enhanced punishments for habitual offenders. Id. Thus, the trial court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Id.

Therefore, to rebut the presumption that a mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:

> [he] is exceptional, which . . . means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. Id., *citing* State v. Young, 94-1636 (La. App. 4 Cir. 10/26/95), 663 So.2d 525, 531 (Plotkin, J., concurring).

If the trial court finds clear and convincing evidence which justifies a deviation from the mandatory minimum sentence under the Habitual Offender Law, it is not free to sentence defendant to any sentence it feels is appropriate under the circumstances. Johnson, 709 So.2d at 677. The trial court must make a sufficient showing on the record and articulate how the imposition of the statutorily mandated minimum

sentence would be constitutionally excessive under the facts of the particular case and the trial court's justification as to why the sentence imposed instead of the statutory mandatory minimum sentence is the longest sentence which is not excessive under the constitution. See State v. Gordon, 96-427 (La. 05/10/96), 672 So.2d 669, 669; Johnson, 709 So.2d at 677.

In the instant case, defendant was convicted of distribution of methamphetamine in violation of La. R.S. 40:967 A(1). At the time of this offense, La. R.S. 40:967 B(1)(a) provided that an individual who is convicted of distribution of methamphetamine weighing less than twenty-eight grams shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years.

Subsequently, the State filed a habitual offender bill of information alleging defendant to be a fourth-felony offender. After a contradictory hearing, defendant was adjudicated a fourth-felony offender.[6] Pursuant to La. R.S. 15:529.1 A(4), if the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the offender shall be sentenced to a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life. Consequently, defendant was subject to an enhanced sentence of twenty years imprisonment to life imprisonment at hard labor without the benefit of probation or suspension of sentence. The trial court sentenced defendant as a fourth-felony offender to sixteen years imprisonment at hard labor without probation or suspension of sentence under Dorthey.

---

[6] The habitual offender bill of information alleged that defendant (1) pled no contest on October 6, 2015, to distribution of cocaine in violation of La. R.S. 40:967 A(1) in case number 15-0477 in the 29th Judicial District Court; (2) pled guilty on February 27, 2013, to possession of cocaine in violation of La. R.S. 40:967 C in case number 12-0463 in the 29th Judicial District Court, and (3) pled guilty on December 20 2006, to possession of cocaine in violation of La. R.S. 40:967 C in case number 06-CR-000474 in the 29th Judicial District Court. The trial court found that the State met its burden and the testimony and evidence, including defendant's testimony, established that defendant was a fourth-felony offender. Defendant did not contest the trial court's ruling and he did not appeal this issue.

Upon review of the facts and law, and the factors argued by defendant, we find the reasons stated by the trial court for finding defendant exceptional are not sufficient to warrant a downward deviation from the mandatory minimum sentence of twenty years for a fourth-felony offender.[7] The trial court stated in its reasons the defendant's age, military history, drug addition, family support, and the court's recognition that defendant went to trial as opposed to pleading guilty. These facts do not constitute clear and convincing evidence that defendant is exceptional. Nor did defendant's eventual cooperative behavior during incarceration and his participation in jail programs provided for his benefit make him exceptional at the time he was sentenced. Further, these factors are rewarded when considered in support of parole, and further, are used in calculation of diminution of sentence and early release for good behavior under La. R.S. 15:571.4.

Additionally, the court's consideration of (1) the assertion that the CI, Ms. Tappan, to whom defendant sold methamphetamine, is now sober; and (2) the sentence another individual received for threatening Ms. Tappan's life, or whether the State filed a habitual offender bill of information against that individual in a different case, are not relevant factors that make defendant exceptional in this case.

We find that the various reasons stated by the trial court do not amount to clear and convincing evidence sufficient to satisfy Johnson, *supra*. The habitual offender statute and sentence for a fourth-felony offender are presumed to be constitutional and to rebut this presumption, defendant was required to show by clear and convincing evidence that he is exceptional. Defendant did not "clearly and

---

[7] See State v. Boeh, 20-461 (La. App. 1 Cir. 04/16/21), 324 So.3d 653, 665, writ denied, 21-689 (La. 10/05/21), 325 So.3d 379; State v. Mathis, 18-678 (La. App. 5 Cir. 04/03/19), 268 So.3d 1160, writ denied, 19-731 (La. 11/05/19), 281 So.3d 677; State v. Noble, 13-1109 (La. App. 4 Cir. 02/12/14), 133 So.3d 703, writ denied, 14-795 (La. 11/14/14), 152 So.3d 878; State v. Williams, 14-630 (La. App. 4 Cir. 12/18/14), 158 So.3d 107, 112-113; State v. Daughtry, 14-213 (La. App. 1 Cir. 09/19/14) 2014WL4668652 (unpublished opinion)(not designated for publication), writ denied, 14-2074 (La. 05/01/15), 169 So.3d 370; State v. Noble, 12-1923 (La. 04/19/13), 114 So.3d 500, 501 (*per curiam*); State v. Nelson, 10-997 (La. App. 1 Cir. 12/22/10) 2010WL5442002 (unpublished opinion)(not designated for publication), writ denied, 11-180 (La. 06/03/11), 63 So.3d 1007; State v. Mead, 44,447 (La. App. 2 Cir. 07/01/09), 16 So.3d 470, 473-476, writ denied, 09-2065 (La. 04/09/10), 31 So.3d 388; State v. Hebert, 05-1004 (La. App. 5 Cir. 04/25/06), 930 So.2d 1039, 1050-1051; State v. O'Neal, 36,431 (La. App. 2 Cir. 10/23/02), 830 So.2d 408; State v. Harbor, 01-1261 (La. App. 5 Cir. 04/10/02), 817 So.2d 223, 227-228, writ denied, 02-1489 (La. 05/09/03), 843 So.2d 388.

convincingly" show that he is "exceptional." He failed to cite any unusual or exceptional circumstances to show that he is a victim of the legislature's failure to assign a sentence meaningfully tailored to his culpability, to the circumstances of his case, and to his status as a fourth-felony offender. Through his behavior defendant has shown a propensity toward repeated criminality over a long period of time. Although the State filed a habitual offender bill of information alleging defendant to be a fourth-felony offender, the testimony at the hearing indicated that defendant had seven or eight felony convictions and defendant admitted that he had at least seven convictions.

Moreover, although the trial court cited Dorthey in its reasons, the trial court did not state sufficient reasons, nor does the record show, that the mandatory minimum sentence violates defendant's constitutional rights as excessive under these facts, and thus did not justify its reduction of the sentence from twenty years to sixteen years imprisonment upon its finding that sixteen years is the longest sentence that would not be constitutionally excessive.

Accordingly, we find the trial court abused its discretion by deviating from the mandatory minimum sentence required by the Habitual Offender Law when sentencing defendant as a fourth-felony offender. We therefore vacate defendant's enhanced sentence and remand for resentencing consistent with the principles enunciated in this opinion, Dorthey, *supra* and Johnson, *supra*.

**DECREE**

For the reasons stated above, we deny defendant's motion to dismiss, grant the State's writ application, vacate defendant's enhanced sentence and remand for resentencing.

**ENHANCED SENTENCE VACATED; REMANDED FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 9, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KH-300

### E-NOTIFIED
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE M. LAUREN LEMMON (DISTRICT JUDGE)
J. TAYLOR GRAY (RELATOR)

### MAILED
PRENTICE L. WHITE (RESPONDENT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
POST OFFICE BOX 74385
BATON ROUGE, LA 70874

HONORABLE JEFFREY M. LANDRY
(RELATOR)
ATTORNEY GENERAL
MARKO MARJANOVIC (RELATOR)
ASSISTANT ATTORNEYS GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804

HON. HONORABLE JOEL T. CHAISSON, II
(RELATOR)
DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057